## CLASTER v. SIMON et al.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

PRINCIPAL AND AGENT (§ 41*)—WRONGFUL DISCHARGE—EVIDENCE.

In an action for wrongful discharge of a traveling salesman, in which there was no claim for actual services, evidence *held* not to sustain judgment for plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 41.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Louis Claster against Abraham Simon and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Hirsh & Newman, of Brooklyn (Benjamin Reass, of Brooklyn, of counsel), for appellants.

Marks & Marks, of New York City (Harry M. Marks, of New York City, of counsel), for respondent.

COHALAN, J. The action was brought to recover damages for the breach of an alleged oral contract of employment. The plaintiff alleged in his complaint that the agreement was entered into in the month of March, 1914, and the term thereof was to continue until the 1st day of August, 1914. Under the agreement, the plaintiff was to receive commissions as a traveling salesman of $7\frac{1}{2}$ per cent. upon the amount of all orders procured for and accepted by the defendants. He was to receive in addition the sum of $25 per week, together with a reasonable sum for traveling expenses. The alleged term of employment was amended on the trial, and as amended it ran to the 1st day of October, instead of the 1st day of August, as alleged in the complaint. There was further change made in the pleadings on the trial, in that the plaintiff alleged that he was to receive for traveling expenses $25 per week while traveling in the East, and $35 while traveling further west. There was no claim for services that were actually performed by him. However, he claimed damages upon the theory that he was wrongfully discharged, and was thereby prevented from earning the amount claimed.

The defendants interposed a counterclaim, and asserted that the plaintiff was not discharged, but claimed that more money was advanced to him than he was entitled to receive under the contract. Nine days after the plaintiff left New York to go on the road, he made a further demand for money. Whether or not the plaintiff was to receive $25 or $35 a week for traveling expenses, it is apparent he did receive, at the time of his demand, at least the sum of $175, which was more than a complete performance of the terms of the contract, even as claimed by him. If that be so, then there was no breach of the contract by the defendants, because the plaintiff refused to proceed with his work. It is clear, therefore, that an award of damages in the sum of $500 was not warranted by the evidence.

Judgment appealed from reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.